**UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X
BERKLEY SPECIALTY INSURANCE COMPANY,

Plaintiff,

-against-

HIGHLINE LEASING LLC and ARIEL
KOHANGHADOSH,

Defendants.

-----------------------------------------------------------------------X

Case No.:

(Plaintiff Demands Trial By Jury As
To All Issues So Triable)

<u>**COMPLAINT FOR DECLARATORY JUDGMENT**</u>

Plaintiff, BERKLEY SPECIALTY INSURANCE COMPANY ("BERKLEY"), by its attorneys, Litchfield Cavo LLP, complaining of the Defendants, HIGHLINE LEASING LLC ("HIGHLINE") and ARIEL KOHANGHADOSH ("ARIEL"), alleges as follows:

<u>**NATURE OF THIS ACTION**</u>

1.     This is an action for declaratory relief/judgment, pursuant to 28 U.S.C. § 2201, *et. seq.*

2.     In this action, BERKLEY seeks a declaration that an insurance policy it issued to HIGHLINE as specified below does not require BERKLEY to provide a defense or indemnification to HIGHLINE or ARIEL in connection with a certain action pending in the Supreme Court of the State of New York, Kings County (the "Underlying Action").

<u>**THE PARTIES**</u>

3.     At all relevant times, Plaintiff BERKLEY was and is an excess and surplus lines insurer licensed and admitted pursuant to and by virtue of the laws of the State of Delaware, with its principal place of business located at 7233 E. Butherus Drive, Scottsdale, AZ 85260.

4.      At all relevant times, Defendant HIGHLINE was and is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business located at 1777 Reisterstown Road, Baltimore, MD 21208.

5.      At all relevant times, Defendant ARIEL was and is an individual domiciled in Maryland and residing at 7111 Park Heights Avenue, Unit 203, Baltimore, MD 21215.    ARIEL is the sole member of HIGHLINE.

## JURISDICTION AND VENUE

6.      BERKLEY, on the one hand, and HIGHLINE and ARIEL, on the other, are citizens of different states and no member of HIGHLINE is a citizen of the same states as BERKLEY -- Delaware or Arizona.

7.      BERKLEY issued the subject policy to HIGHLINE at its principal place of business in Maryland. However, all events from which the Underlying Action arises occurred in this District and, more specifically, the Brooklyn vicinage, and the majority of witnesses with first-hand knowledge of relevant facts concerning the Underlying Action and underlying events are located in this District and vicinage.

8.      The amount in controversy exceeds $75,000 exclusive of costs and interest.

9.      Diversity jurisdiction in this Court, therefore, is proper under 28 U.S.C. § 1332 (a) (1) in that BERKLEY, on the one hand, and HIGHLINE and ARIEL, on the other, are citizens of different states, and the amount in controversy exceeds $75,000.

10.      Venue is also proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to BERKLEY's claims for relief occurred in this District and vicinage and HIGHLINE and ARIEL are subject to in personam jurisdiction in this District and vicinage.

**THE UNDERLYING ACTION**

11.     The underlying plaintiff, Virginia Lopez ("Underlying Plaintiff"), alleges serious personal injury when, as a pedestrian, she purportedly was struck by a certain 2020 BMW (the 2020 BMW") allegedly owned and operated by either HIGHLINE, ARIEL, Rafael Kohanghadosh (Ariel's brother) or Mehran Kohanghadosh (Ariel's father) (collectively, the "Underlying Defendants").   The accident is claimed to have occurred on July 19, 2022, at the intersection of Avenue M and Coney Island Avenue in Brooklyn, New York. Plaintiff alleges negligence, carelessness and recklessness on the part of the Underlying Defendants in the ownership, operation, management, inspection, maintenance, supervision, repair and control of the vehicle.  (A copy of the Complaint in the Underlying Action is attached hereto as Exhibit "A".)

12.     The Police Accident Report (NYC) ("Police Report") with respect to the Underlying Plaintiff's accident reflects that the 2020 BMW that allegedly struck the Underlying Plaintiff was being driven by Rafael Kohanghadosh and that it was displaying a dealer license plate issued to HIGHLINE. (A copy of the Police Report is attached hereto as Exhibit "B".)

**THE BERKLEY POLICY**

13.     Berkley Specialty Insurance Company issued to HIGHLINE, as the named insured, Commercial Lines Policy, No. QCA 4AA0016184-12 (the "Berkley Policy"), which appears to have been in effect between 10/28/2021 and 10/28/2022.  The policy provides Covered Autos Liability, as well as General Liability, Personal and Advertising Injury Liability and Errors and Omissions Liability coverages.  However, the Policy's General Liability coverage expressly excludes coverage for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by any "insured".  The Errors and Omissions Liability coverage expressly excludes coverage for "bodily injury", and the acts alleged in the Underlying Action do not fall within any of the offenses listed

in the definition of "personal and advertising injury" in the Berkley Policy. (A copy of the Berkley Policy

is attached hereto as Exhibit "C".)

       14.     By virtue of the numerical designation in the Declarations, Covered Autos Liability covers

"all autos".

       15.     The Insuring Agreement in the Covered Autos Liability Coverage section of the Berkley

Policy provides, in pertinent part:

> **D. Covered Autos Liability Coverage**
> **1. Coverage**
> We will pay all sums an "insured" legally must pay as damages because of
> "bodily injury" or "property damage" to which this insurance applies,
> caused by an "accident" and resulting from the ownership, maintenance or
> use of covered "autos".
>
>                      \* \* \* \*
>
> We have the right and duty to defend any "insured" against a "suit"
> asking for such damages or a "covered pollution cost or expense".
> However, we have no duty to defend any "insured" against a "suit"
> seeking damages for "bodily injury" or "property damage" or a "covered
> pollution cost or expense" to which this insurance does not apply. We
> may investigate and settle any claim or "suit" as we consider appropriate.
> Our duty to defend or settle ends when the Covered "Autos" Liability
> Coverage Limit of Insurance has been exhausted by payment of
> judgments or settlements.

       16.     An "insured", for purposes of Covered Autos Liability Coverage is defined as follows:

> **2. Who Is An Insured**
> The following are "insureds" for covered "autos":
> **a.** You for any covered "auto".
> **b.** Anyone else while using with your permission a covered "auto" you
> own, hire or borrow except:
> **(1)** The owner or anyone else from whom you hire or borrow a covered
> "auto".
> This exception does not apply if the covered "auto" is a "trailer" connected
> to a covered "auto" you own.
> **(2)** Your "employee" if the covered "auto" is owned by that "employee" or
> a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is yours.

**(4)** Your customers. However, if a customer of yours:

(a)        Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

(b)        Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

**(5)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**d.** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

17.      The Berkley Policy contains the following definitions:

"You" is denoted in the Policy as referring to the Named Insured.

"Accident" is defined to include continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

"Auto" is defined to include a land motor vehicle.

"Bodily injury" is defined to mean "bodily injury, sickness or disease sustained by a person including death resulting from any of these."

18.      The Berkley Policy also contains the following General Condition, which provides, in

pertinent part:

**3. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

* * * *

    c. Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

* * * *

    f. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

## BERKLEY'S PRIOR COVERAGE POSITION

19.    On or about February 23, 2023, in response to a request for coverage by HIGHLINE AND ARIEL, BERKLEY issued a coverage position letter advising that, based on its review of the terms, conditions and exclusions in the Berkley Policy, on its claims investigation to date, and based on the advice of coverage counsel, BERKLEY believed there to be a basis for disclaiming coverage, on a primary basis, for the Underlying Defendants in connection with the Underlying Action.  BERKLEY indicated that its position was based on the Other Insurance Condition in the Berkley Policy.

20.    BERKLEY explained that, while the Complaint in the Underlying Action alleges that the vehicle that purportedly struck the Underlying Plaintiff was owned by one or more of the Underlying Defendants, the facts as previously communicated to BERKLEY by HIGHLINE contradicted this assertion. It was BERKLEY's understanding that, at the time of the accident, the subject vehicle was still being leased by Mehran Kohanghadosh and that Ariel had merely placed a HIGHLINE dealer plate on the vehicle because it had no other valid plates in connection with a possible personal sale of the vehicle.  Nevertheless, in light of the underlying allegations, BERKLEY tentatively agreed to defend, or share in the defense of, the Underlying Defendants, and appoint counsel, or join in the appointment of counsel, to defend their interests. However, BERKLEY reserved its right to subsequently disclaim coverage and withdraw from the defense of the Underlying Defendants should it subsequently be

established, either in the Underlying Action or in a collateral coverage action, that the subject vehicle was not owned or operated by HIGHLINE or any other "insured" as defined in the Berkley Policy at the time of the Underlying Plaintiff's accident.  BERKLEY further reserved its right to seek reimbursement of any defense costs paid by it prior to any such determination.  (A copy of BERKLEY's coverage position letter is attached hereto as Exhibit "D".)

21.     BERKLEY ultimately only assumed the defense of HIGHLINE and ARIEL.

## THE EUO OF ARIEL KOHANGHADOSH

22.     On December 20, 2023, an Examination Under Oath was taken of ARIEL, the President of HIGHLINE, who testified under oath that his father, Mehren Kohangadosh, who had no affiliation or connection with HIGHLINE, had assumed a pre-existing lease on the 2020 BMW on or about January 4, 2022, and that, at no time prior to the Underlying Plaintiff's accident did HIGHLINE or ARIEL, or any other owners or employees of HIGHLINE, ever come to own or lease the subject vehicle.  ARIEL further confirmed that the subject vehicle was being driven at the time of the accident by his brother, Rafael Kohangadosh, who also had no connection or affiliation with HIGHLINE.  Ariel further testified that, at the time of the accident, he had been attempting to sell the 2020 BMW, which he had allegedly located, for his father, who had purportedly become immediately dissatisfied with the vehicle. However, ARIEL conceded that neither he nor HIGHLINE had any documentation evidencing that his father was a "customer" who had retained HIGHLINE to attempt this sale, or any written proof that the vehicle was being driven at the time of the Underlying Accident in connection with any such sale efforts.  He further testified that the subject vehicle was never insured under any policy of insurance issued to Mehren or Rafael, or to him, and that the vehicle was returned to BMW at the end of the lease term after it purportedly could not be sold.  (A copy of the transcript of ARIEL's EUO is attached hereto as Exhibit "E".)

23.     As a consequence of ARIEL's EUO testimony, BERKLEY now believes, and will be advising HIGHLINE and ARIEL, that there is no coverage for HIGHLINE, ARIEL, or any other defendant in the Underlying Action under the Berkley Policy, as HIGHLINE did not own or lease, nor had it borrowed or hired, the 2020 BMW at the time of the Underlying Accident, nor was the vehicle owned by any employee of HIGHLINE at the time of the Underlying Accident.  Moreover, neither HIGHLINE, nor ARIEL, nor any other employee, partner, member or customer of HIGHLINE, was operating or using the subject vehicle at the time of the Underlying Accident.

## FIRST CAUSE OF ACTION

24.     BERKLEY repeats each and every allegation contained in the Paragraphs of the Complaint designated "1" through "23" as though set forth herein in their entirety.

25.     HIGHLINE and ARIEL contest that there is no coverage on the bases relied upon by BERKLEY.

26.     Accordingly, an actual and justiciable controversy exists between BERKLEY, on the one hand, and HIGHLINE and ARIEL on the other, as to coverage under the Berkley Policy and, more specifically, as to the obligation of BERKLEY to defend and indemnify HIGHLINE and ARIEL, or any other putative insured, under the Berkley Policy in connection with the Underlying Action.

27.     A Judicial Declaration, therefore, is necessary and appropriate at this time, in order that BERKLEY may ascertain its rights and obligations and fulfill only such duties as it may have, if any, to HIGHLINE and ARIEL under the Berkley Policy in connection with the Underlying Action.

28.     BERKLEY will be prejudiced without a Declaration from this Court concerning its rights and obligations under the Berkley Policy in that it may otherwise be liable for any indemnity and defense costs, as well as other possible damages, incurred on behalf of HIGHLINE and/or ARIEL in connection with the Underlying Action.

## SECOND CAUSE OF ACTION

29.     BERKLEY repeats each and every allegation contained in the Paragraphs of the Complaint designated "1" through "28" as though set forth herein in their entirety.

30.     BERKLEY has, to date, incurred costs and expenses, including attorneys' fees, in the defense of HIGHLINE and ARIEL in connection with the Underlying Action, for which it is entitled to reimbursement from HIGHLINE and ARIEL in the absence of any coverage obligation.

WHEREFORE, Plaintiff, BERKLEY SPECIALTY INSURANCE COMPANY, prays that the Court declare and adjudge 1) that it is not obligated to provide coverage for, or to defend or indemnify, HIGHLINE or ARIEL KOHANGHADOSH, or any other putative insured, under the Berkley Policy, in connection with the Underlying Action and 2) that it is entitled to recover from HIGHLINE and ARIEL KOHANGHADOSH all defense costs and fees incurred in connection with the Underlying Action, and that the Court award such other and further relief as it may deem just and appropriate in law or equity.

Dated: New York, New York
         February 23, 2024

LITCHFIELD CAVO LLP

By: _____
         JOSEPH E. BOURY
         420 Lexington Avenue, Suite 2104
         New York, New York 10170
         (212) 434-0100
         *Attorneys for Plaintiff*
         *BERKLEY SPECIALTY INSURANCE COMPANY*